IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARVEY REED and TORRENCE )
DONNERSON, individually and )
on behalf of all others )
similarly situated, )
 )
        Plaintiffs, )
  v. ) No. 14 C 8371
 )
LVNV FUNDING, LLC and )
RESURGENT CAPITAL SERVICES, )
LP, )
 )
        Defendants. )

MEMORANDUM OPINION AND ORDER

Harvey Reed and Torrence Donnerson allege that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by filing claims in their respective bankruptcy cases to collect credit card debts that fell outside the five-year statute of limitations in Illinois for such collection actions. *See Portfolio Acquisitions, LLC v. Feltman*, 909 N.E.2d 876, 884 (Ill. App. Ct. 2009) (holding that credit card agreement is considered an oral contract subject to five-year statute of limitations set forth at 735 ILCS § 5/13-205).

Defendants have filed a motion to dismiss arguing that Plaintiffs fail to state a claim upon which relief may be granted. I deny Defendants' motion to dismiss for the reasons stated below.

1

I.

At the motion to dismiss stage, I must accept the Plaintiffs' factual allegations as true and draw all reasonable inferences in their favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In September 2003, Harvey Reed ("Reed") stopped making payments on a credit card issued by First Premier Bank. He repeated the pattern in September 2007 when he stopped paying a credit card issued by First Bank of Delaware. The banks charged-off Reed's accounts approximately six months after he stopped making payments on each card and sold the underlying debts to an unknown debt buyer. Defendant LVNV Funding, LLC ("LVNV") later purchased Reed's credit card debts.

On April 1, 2014, Reed petitioned for relief under Chapter 13 of the Bankruptcy Code. *See In re Reed*, No. 14-12120 (Bankr. N.D. Ill.). Resurgent Capital Services, LP ("Resurgent"), acting on LVNV's behalf, filed claims in Reed's bankruptcy case to collect the credit card debts he incurred in 2003 and 2007, respectively. Defendants valued the September 2003 claim at $600.07 and the September 2007 claim at $601.87. The bankruptcy court sustained Reed's objections, which asserted a statute of limitations defense to these two claims.

Torrence Donnerson ("Donnerson") alleges similar facts. At an unspecified time in the 1980s, he stopped making payments on

a Citibank credit card. Citibank charged-off Donnerson's account on August 1, 1988 and sold the underlying debt to an unknown third party. LVNV later bought Donnerson's credit card debt.

On April 11, 2014, Donnerson filed for bankruptcy under Chapter 13 of the Code. *See In re Donnerson*, No. 14-13494 (Bankr. N.D. Ill.). On August 25, 2014, Resurgent filed a claim against Donnerson's bankruptcy estate on LVNV's behalf to collect the 1988 credit card debt valued at $396.85. The bankruptcy court sustained Donnerson's objection to this claim as barred under Illinois' five-year statute of limitations for collection actions on credit card debts.

Reed and Donnerson (collectively, "Plaintiffs") filed a class action suit against LVNV and Resurgent (collectively, "Defendants") alleging that the filing of time barred claims in their respective bankruptcy proceedings violated the following provision of the FDCPA:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> [...]
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5).

II.

Defendants have moved to dismiss Plaintiffs' claim on the ground that filing a time-barred claim in bankruptcy is not a false, deceptive, or misleading debt collection practice under the FDCPA.[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Whether the FDCPA prohibits debt collectors from filing time-barred claims in bankruptcy has produced a split between the Eleventh Circuit, on the one hand, and the Second and Ninth Circuits on the other. *Compare Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir. 2014) (holding that filing a time-barred claim in a bankruptcy case violates the FDCPA), *petition for cert. filed*, 83 U.S.L.W. 3636 (U.S. Jan. 21, 2015) (No. 14-858), *with Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010) (holding that "filing a proof of claim in bankruptcy court cannot form the basis for an FDCPA claim"); *In*

---

[1] In their recent motion for leave to file supplemental authority, Defendants argue for the first time that Plaintiffs claims are barred by the doctrine of *res judicata*. See Dkt. No. 42 (citing *Covert v. LVNV Funding, LLC*, 779 F.3d 242 (4th Cir. 2015)). This argument is under-developed and should have been raised in Defendants' motion to dismiss.

*re Chaussee*, 399 B.R. 225, 235-41 (B.A.P. 9th Cir. 2008) (same). In the Second Circuit's view, "[t]here is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by [the] [B]ankruptcy [Code] itself." *Simmons*, 622 F.3d at 96. The remedies available to a debtor in bankruptcy who faces time-barred claims include (1) objecting to the claim under 11 U.S.C. § 502(a) and Bankruptcy Rule 3007 and (2) seeking sanctions against the would-be claimant under 11 U.S.C. § 105 and Bankruptcy Rule 9011(c). The Second and Ninth Circuits think these remedies are exclusive such that they preclude FDCPA suits premised on the filing of time-barred claims in bankruptcy.

The Seventh Circuit has not weighed in on whether filing a time-barred claim in bankruptcy is actionable under the FDCPA. *But see Buckley v. Bass & Assoc.*, 249 F.3d 678, 681 (7th Cir. 2001) (stating, in dicta, that "the filing of a claim in bankruptcy...[is] outside the scope of the Fair Debt Collection Practices Act"). I do not read *Buckley* to say that a claim filed in bankruptcy can never, under any circumstances, violate the FDCPA's ban on false, deceptive, or misleading debt collection practices. *Buckley* offers no rationale for such a rule, perhaps because the only holding in the case was that inquiring whether a debtor has filed for bankruptcy without including the disclosure required by 15 U.S.C. §1692e(11) is not

5

a *per se* violation of the FDCPA. *Buckley* mentioned the bankruptcy claims filing process in the context of discussing how a "have you filed for bankruptcy" inquiry might be construed--i.e., as "a prelude not to a dunning letter but to the filing of a claim in bankruptcy"--in a future case. *Buckley*, 249 F.3d at 681. In short, *Buckley* does not establish a per se rule that filing a claim in bankruptcy never violates the FDCPA no matter how false, deceptive, or misleading the claim might be.

The most relevant guidance from the Seventh Circuit on the question presented in this case comes from *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), which holds that the Bankruptcy Code and FDCPA provide overlapping remedies unless there is an "irreconcilable conflict between the statutes." *Id.* at 730; *accord Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 274 (3d Cir. 2013). *Randolph* went on to hold that a debtor who receives a dunning letter after filing for bankruptcy may sue under the FDCPA--on ground that the demand for payment is a false statement in light of the Bankruptcy Code's automatic stay on certain debt collection activities, 11 U.S.C. § 362(a)--notwithstanding the availability of contempt sanctions under the Bankruptcy Code, *id.* at § 362(k)(1). *See Randolph*, 368 F.3d at 730; *contra Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510-11 (9th Cir. 2002). It was "easy" to enforce both

the Bankruptcy Code's contempt provision and the FDCA's ban on false or misleading representations despite the existence of "operational differences" between the statutes. *Randolph*, 368 F.3d at 730; *cf*. *Buckley*, 249 F.3d at 681 (rejecting a reading of the FDCPA that would place it on "a collision course" with the Bankruptcy Code).

*Randolph* implicitly overruled two district court decisions holding that the Bankruptcy Code provides the exclusive means to challenge allegedly inflated claims filed in bankruptcy and precludes parallel FDCPA claims. *See Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810, 814 (N.D. Ill. 1999) (Kennelly, J.); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, No. 98 C 4280, 1999 WL 284788, at *4 (N.D. Ill. Apr. 26, 1999) (Coar, J.).

Since *Randolph*, district courts in this circuit have generally declined to dismiss FDCPA suits that challenged the filing of time-barred claims in bankruptcy as a false, deceptive, or misleading debt collection practice.[2] There are, however, two exceptions to this trend.[3]

---

[2] *See Taylor v. Midland Funding, LLC*, No. 14 C 9277, Dkt. No. 47 (N.D. Ill. Mar. 20, 2015) (Guzman, J.); *Elliot v. Cavalry Investments, LLC*, No. 1:14-cv-01066-JMS-TAB, 2015 WL 133745 (S.D. Ind. Jan. 9, 2015) (Magnus-Stinson, J.); *In re Brimmage*, 523 B.R. 134 (Bankr. N.D. Ill. 2015) (Cox, J.); *Grandidier v. Quantum3 Grp., LLC*, No. 1:14-CV-00138-RLY-TAB, 2014 WL 6908482 (S.D. Ind. Dec. 8, 2014) (Young, C.J.); *Patrick v. PYOD, LLC*, 39

The Seventh Circuit recently denied an interlocutory appeal petition asking the court to resolve the split over whether filing an untimely claim in bankruptcy is a false, deceptive, or misleading debt collection practice. See *In re PYOD, LLC*, No. 14-8028, Dkt. No. 6 (7th Cir. Nov. 21, 2014). I draw no inference about the Seventh Circuit's position on the underlying issue from its denial of this petition.

With this background in mind, I turn to the arguments raised in Defendants' motion to dismiss, many of which have been addressed by other courts.

A.

Defendants' first argument is that Plaintiffs lack Article III standing because the bankruptcy court's disallowance of the time-barred claims means that the debtors suffered no injury.

This argument ignores the fact that the time-barred claims were disallowed only after Plaintiffs objected to the claims under Bankruptcy Rule 3007. To say that Plaintiffs did not

---

F. Supp. 3d 1032 (S.D. Ind. 2014) (Young, C.J.); *Smith v. Asset Acceptance, LLC*, 510 B.R. 225 (S.D. Ind. 2013) (Lawrence, J.).

[3] *See Robinson v. eCast Settlement Corporation,* No. 14 C 8277, 2015 WL 494626, at *3 (N.D. Ill. Feb. 3, 2015) (Shah, J.) (holding that "a time-barred proof of claim that complies with the Bankruptcy Rules does not purport to be anything other than a claim subject to dispute in the bankruptcy case--it is not deceptive, false, or misleading"); *In re LaGrone*, 525 B.R. 419, 426 (Bankr. N.D. Ill. 2015) (Wedoff, J.) (holding that "the deception and unfairness of untimely [collection] lawsuits is not present in the bankruptcy claims process").

suffer a cognizable injury-in-fact simply because the time-barred claims were eventually disallowed is to ignore the time and expense of litigating this issue in the bankruptcy court. *See Crawford*, 758 F.3d at 1261 ("[F]iling objections to time-barred claims consumes energy and resources in a debtor's bankruptcy case, just as filing a limitations defense does in state court.").

Defendants' view that standing turns on whether the time-barred claims were allowed is also inconsistent with Seventh Circuit law on who may sue for alleged FDCPA violations. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013) ("Proof of injury is not required when the only damages sought are statutory."); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (standing to sue under FDCPA "focus[es] on the debt collector's misconduct, not whether the debt is valid or, as here, whether the consumer has paid an invalid debt").

In short, Plaintiffs have standing to sue because Defendants' conduct allegedly violated their rights under the FDCPA and forced them to incur the cost of filing written objections to the time-barred claims in the bankruptcy court.

B.

Next, Defendants argue the Plaintiffs' claim fails as a matter of law because a claim filed in bankruptcy (1) is

9

directed at the debtor's estate as opposed to at the debtor himself and (2) is not a form of debt collection.

Defendants' argument that the FDCPA does not apply to actions directed at a debtor's estate lacks foundation in the statute's text. The FDCPA defines a "debt collector" as "any person...who regularly collects or attempts to collect, directly or *indirectly*, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). Similarly, the statute's ban on the use of false, deceptive, or misleading debt collection practices, *id.* at § 1692e, is not limited to actions taken directly against a debtor (e.g., in a collection suit) as opposed to indirect actions to collect a debt (e.g., filing a claim in bankruptcy).

As for Defendants' contention that filing a claim in bankruptcy is not an attempt to collect a debt, that argument fails the straight face test:

> The Supreme Court has stated that when a creditor "files a proof of claim...it is using a traditional method of collecting a debt." *Gardner v. State of New Jersey*, 329 U.S. 565, 573, (1947). A proof of claim is prima facie evidence of a claim's existence and by filing it the creditor is requesting that the bankruptcy court enforce the asserted claim. *Id*. Moreover, a proof of claim is automatically granted when filed, 11 U.S.C. § 502(a), meaning that the claim holder is set to collect on the claim until an objection is both made and subsequently granted. In this regard the filing of a proof of claim is merely the bankruptcy analog of filing a complaint or sending a demand letter to recover on a debt outside of bankruptcy.

*In re Brimmage*, 523 B.R. at 138; *see also Crawford*, 758 F.3d at 1259 (same reasoning). Indeed, the Bankruptcy Code defines a "claim" as the assertion of a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).

Treating a claim filed in bankruptcy as an attempt to collect a debt does not, as Defendants contend, violate the statutory injunction against debt collection attempts during a bankruptcy proceeding. *See* 11 U.S.C. § 362(a). As the Seventh Circuit has recognized, this injunction blocks "efforts to collect a debt from a debtor in bankruptcy *outside the bankruptcy proceeding itself*." *Buckley*, 249 F.3d at 680 (emphasis added); *see also Central States, SE and SW Areas Pension Fund v. Basic Am. Indus., Inc.* 252 F.3d 911, 918 (7th Cir. 2001) (noting that a demand for "payment from a debtor in bankruptcy *other than in the bankruptcy proceeding itself* is normally a violation of the automatic stay" (emphasis added)). In simple terms, "[t]he automatic stay prohibits debt-collection activity outside the bankruptcy proceeding, such as lawsuits in state court...[but] does *not* prohibit the filing of a proof of

claim to collect a debt within the bankruptcy process."
*Crawford*, 758 F.3d at 1261-62 (internal citation omitted).

In sum, I hold that filing a claim in bankruptcy constitutes an indirect attempt to collect a debt that falls within the FDCPA's parameters.

C.

Defendants' next argument is that construing the FDCPA to prohibit the filing of time-barred claims in bankruptcy will create "irreconcilable conflict[s]" between the FDCPA and the Bankruptcy Code. *Randolph*, 368 F.3d at 730.[4]

On the facts of this case, Defendants identify two allegedly irreconcilable conflicts between the FDCPA and the Bankruptcy Code: (1) a debt collector cannot comply with the FDCPA's notice requirements, 15 U.S.C. §§ 1692e(11), 1692g(a), and debt validation procedures, *id.* at § 1692g(b), while simultaneously obeying the Bankruptcy Code's injunction against debt collection activities, 11 U.S.C. § 362(a), and (2) a debtor against whom a time-barred claim is filed might be confused about whether to follow the Bankruptcy Code's objection

---

[4] Defendants' related argument that the Bankruptcy Code provides "sufficient" remedies for debtors facing time-barred claims focuses on the wrong legal question. *See* Dkt. No. 25 at 12. *Randolph* directs courts to focus on whether overlapping statutes conflict without regard to whether one statute would provide sufficient remedies on its own (which is a quintessentially legislative judgment).

12

procedures, Fed. R. Bankr. P. 3007, the FDCPA's disputed debts protocol, 15 U.S.C. § 1692g(b), either, or both.

Defendants' first argument assumes that debt collectors are legally required to file claims in bankruptcy such that the asserted conflict with the FDCPA's notice and debt validation procedures is unavoidable. In reality, filing a claim in bankruptcy is an entirely discretionary decision. *See Patrick*, 39 F. Supp. 3d at 1034 ("A creditor is not required to file a proof of claim, but rather 'may file' one." (quoting 11 U.S.C. § 501(a)). The FDCPA and Bankruptcy Code will not conflict if debt collectors simply refrain from filing claims on time-barred debts in the first place, just as they must refrain from filing collection suits on time-barred debts. *See Phillips*, 736 F.3d at 1079. In other words, the asserted conflict between the FDCPA's notice and debt validation procedures and the Bankruptcy Code's automatic stay provision is a problem of Defendants' own making rather than an irreconcilable tension between the two statutes.

Moreover, the FDCPA expressly provides that "[a] communication in the form of a formal pleading in a civil action" does not trigger the statute's notice and debt validation procedures. 15 U.S.C. § 1692g(d). Defendants have not explained why filing a proof of a claim in bankruptcy--i.e., "a formal pleading in a civil action"--nonetheless triggers the

13

FDCPA's notice and debt validation procedures that allegedly conflict with the Bankruptcy Code's automatic stay provision. In other words, the asserted conflict between the FDCPA and the Bankruptcy Code is ultimately illusory. *See In re Brimmage*, 523 B.R. at 141-42.

As for the confusion debtors may experience about whether to object to a time-barred claim under the Bankruptcy Rules, the FDCPA, either, or both, this scenario does not illustrate an irreconcilable conflict between the two statutes. Instead, it shows why the FDCPA should be a read to prohibit the filing of time-barred claims in the first place, thereby protecting debtors from such confusing situations.

In sum, Defendants have not demonstrated that reading the FDCPA to prohibit the filing of time-barred claims in bankruptcy will create any irreconcilable conflicts with the Bankruptcy Code.

D.

Defendants' final argument is that a time-barred debt remains legally valid (although subject to a statute of limitations defense) such that there is nothing false, deceptive, or misleading about filing a claim in bankruptcy attempting to collect such a debt. *See Robinson*, 2015 WL 494626, at *3 (holding that a proof of claim that complies with

Fed. R. Bankr. P. 3001(c)(3) is not misleading even if the underlying debt is subject to a statute of limitations defense).

This argument cannot be squared with the Seventh Circuit's holding that filing a collection suit on a time-barred debt violates the FDCPA unless the defendant can establish that the suit "resulted from a bona fide error." *Phillips*, 736 F.3d at 1084 (quoting 15 U.S.C. § 1692k(c)). "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (citing 15 U.S.C. § 1692e(5)). "Just as [Defendants] would have violated the FDCPA by filing a lawsuit on stale claims in state court, [they plausibly] violated the FDCPA by filing a stale claim in bankruptcy court." *Crawford*, 758 F.3d at 1262.

To be sure, the Bankruptcy Code provides protections that a debtor facing a collection suit does not enjoy. *See In re LaGrone*, 525 B.R. at 426 (noting bankruptcy trustee's statutory duty to "examine proofs of claims and object to the allowance of any claim that is improper," 15 U.S.C. § 704(a)(5)). An unsophisticated consumer, however, may not be aware of the trustee's statutory duties--much less whether a particular claim filed against his or her bankruptcy estate is subject to a statute of limitations defense. *See Evory v. RJM Acquisitions*

15

*Funding, LLC*, 505 F.3d 769, 775 (7th Cir. 2007) (false representations about the amount or legal status of a debt are "actionable [under the FDCPA] whether made to the consumer directly, or indirectly through his [bankruptcy] lawyer").

In sum, a debt collector who files a time-barred claim in bankruptcy is not immune from liability under the FDCPA simply because the underlying debt is legally valid subject to the assertion of a statute of limitations defense.

### III.

Defendants' motion to dismiss is DENIED for the reasons stated above.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: March 27, 2015